Gilbert **JUAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41883.

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Rehearing Denied April 23, 1969.

Bill Howell, Bill Sherbert, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Daniel L. McCairns, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is aggravated assault; the punishment, 9 months.

Trial was had before the court.

Appellant's first ground of error is that the trial court erred in considering evidence of appellant's prior criminal record on the issue of guilt or innocence. There is an entire absence of any showing that the court considered the prosecutor's statement, made prior to an announcement of ready, that appellant had a prior arrest record when counsel for appellant and the prosecutor were present and a discussion arose over a motion for continuance. This was not evidence and even if it had been made during the trial, under all the cases, it has been uniformly held that when the trial is before the court it will be presumed that he did not consider improper argument (Widener v. State, 159 Tex.Cr.R. 257, 262 S.W.2d 401) such as the failure of the defendant to testify (Martin v. State, 160 Tex.Cr.R. 364, 271 S.W.2d 279). Further this Court held in Garrett v. State, 165 Tex. Cr.R. 328, 307 S.W.2d 270, that when the trial was before the court we will, on appeal, consider that he disregarded questions about ancillary misconduct. And in Anderson v. State, Tex.Cr.App., 385 S.W. 2d 391, we held that it was presumed that the court did not consider hearsay testimony.

The prosecutrix positively identified the appellant as her attacker and it was within the province of the court to disbelieve appellant's claim of alibi.

His second ground of error relates to an alleged suppression of evidence by the State. Officer Horn of the Harris County Sheriff's Department, the investigating officer, used his investigation report while testifying at the trial. Upon demand of appellant's counsel the two page report was delivered to him. The second page of

the report indicated that Officer Horn discovered an automobile behind the prosecutrix's house with a warm engine at 3:50 A.M., shortly after the assault occurred. A further investigation by the officer determined that the car belonged to a resident of the area. It is appellant's contention that the State's failure to voluntarily disclose the information contained on this second page of the investigation report amounted to a suppression of favorable evidence as denounced by the Supreme Court of the United States in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and by the Court of Appeals for the 5th Circuit in Ashley v. State, 319 F.2d 80.

With such contention we do not agree because the report was given to appellant's counsel upon request and once in his possession was available for investigation and used by him in conducting appellant's defense. Brady and Ashley apply to situations where evidence favorable to the accused is not turned over to the accused prior to or during trial, thus depriving him of the opportunity to use it in his defense. We further note that at no time after receiving the report was there a request for a postponement or a continuance.

Finding no reversible error, the judgment is affirmed.