

**NUMBER 13-04-00155-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOEL ZAMORA,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

**On appeal from the 103rd District Court of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Joel Zamora, was convicted of having improper sexual activity with a person in custody. *See* TEX. PENAL CODE ANN. § 39.04(a)(2) (Vernon Supp. 2007). The trial court assessed punishment at one hundred eighty days in a state jail facility. Appellant

asserts five issues on appeal. We affirm.[1]

## I. VOIR DIRE

By his first issue, appellant asserts that the trial court erred by giving an improper

definition of reasonable doubt at the opening of trial. After explaining to the jury that "the

law does not define beyond a reasonable doubt," the judge stated:

> It leaves you to your own devices to understand what that means, and I think
> reasonable doubt is kind of like a story they used to tell on an old elderly
> Supreme Court Justice . . . And he said, well, I don't know really the
> definition of pornography, but I know it when I see it. Reasonable doubt is
> a lot the same way. You will know it when they [sic] are there, and you will
> know it if they [sic] are not there.

Appellant asserts that this statement provides a reasonable doubt definition in

violation of the court of criminal appeals' holding in *Paulson v. State*, 28 S.W.3d 570, 573

(Tex. Crim. App. 2000). Appellant did not object at the time it was made, but claims that

the trial court's statement was fundamental error. *See Blue v. State*, 41 S.W.3d 129, 131-

33 (Tex. Crim. App. 2000). We have reviewed the statements appellant complains of in

the context of all the statements and comments made by the trial judge in his discussion

of reasonable doubt. We hold that the trial court did not commit error. *See Rogers v.*

*State*, 795 S.W.2d 300, 306 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd) (no error

where trial court's explanation of "reasonable doubt" was merely telling the jurors to use

their common sense); *see also Ayala v. State*, No. 01-03-00386-CR, 2004 Tex. App.

LEXIS 5017, at *4 (Tex. App.–Houston [1st Dist.] June 3, 2004, pet. ref'd) (mem. op., not

designated for publication) (no error where trial court explained that "reasonable doubt" is

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4

"kind of like pornography. . . you know it when you see it."). Appellant's first issue is overruled.

## II. PROSECUTORIAL MISCONDUCT.

By his second issue, appellant contends the State engaged in prosecutorial misconduct. Specifically, appellant complains of a question posed by the State to a witness on re-direct examination. The relevant exchange is as follows:

Q: [Defense Counsel]: Now you know what not to do, right, sir?

A: [Witness]: Right.

Q: Things have changed since Mr. Zamora left, right?

A: Right.

Q: And you?

A: Right.

[Defense Counsel]: No further questions.

Redirect Examination

Q [State]: Because he was screwing up, right? I mean, he screwed everything up. He had women by themselves all over the place, I mean, you would never do that –

[Defense Counsel] Objection –

[Trial Court]: Sustained, sustained.

[State]: He opened the door, Judge.

[Trial Court]: No, he didn't open the door, the jury–

[State]: He certainly did.
[Trial Court]: I said he didn't open the door.

[State]: All right, Judge. I apologize, I'll–

[Trial Court]: The jury will disregard the last question. I don't think there was an answer, if there was one, disregard that too. I'm sorry, no other questions?

"To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). When a defendant receives the relief requested but has not requested a mistrial, the error, if any, is waived. *See Archie*, 221 S.W.3d at 699; *Robertson v. State*, 245 S.W.3d 545, *3 (Tex. App.–Tyler 2007 pet. ref'd) (official pinpoint not designated).

Here, the record shows that the trial court sustained appellant's objection to the State's question and, *sua sponte,* instructed the jury to disregard both the question and any answer that may have been given. Appellant, however, did not seek a mistrial based on the State's question, and thus did not obtain an adverse ruling from the trial court on this issue. Because appellant did not obtain an adverse ruling from the trial court, he has failed to preserve error, if any, on this issue. *See Archie*, 221 S.W.3d at 699. Appellant's second issue is overruled.

### III. JURY CHARGE

By his third issue, appellant contends that the jury charge was improper in that it failed to provide a partial instruction on reasonable doubt. The Texas Court of Criminal Appeals has held, however, that no such instruction is required. *See Paulson*, 28 S.W.3d. at 572 (providing that "the better practice is to give no

4

definition of reasonable doubt at all to the jury"). Appellant's third issue is overruled.

## IV. LEGAL AND FACTUAL SUFFICIENCY

By his fourth issue, appellant asserts that the evidence was legally and factually insufficient to support a jury finding that he was "an employee of a correctional facility." We disagree.

## A. Standard of Review

We apply different standards when reviewing the evidence for legal and factual sufficiency. To determine legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Garrett v. State*, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993). This standard of review applies to cases involving both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1993). On appeal, this court is not to reevaluate the weight and credibility of the evidence; we consider only whether the jury reached a rational decision. *See Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses. *See Soto v. State*, 846 S.W.2d 687, 691 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd).

When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. *Garza v. State*, 213 S.W.3d 338, 344 (Tex. Crim. App. 2007). We may set the verdict aside if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or (2) the verdict is against the great weight and

5

preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). However, while we may disagree with the jury's conclusions, we must exercise appropriate deference to avoid substituting our judgment for that of the jury, particularly in matters of credibility. *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *see also Watson*, 204 S.W.3d at 414 (stating that a court should not reverse a verdict it disagrees with unless it represents a manifest injustice even though supported by legally sufficient evidence). Finally, we must discuss the evidence that, according to appellant, most undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

## B. Analysis

The offense of improper sexual activity with a person in custody is deemed to have occurred when an official of a correctional facility, an employee of a correctional facility, or a peace officer engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody. *See* TEX. PENAL CODE ANN. § 39.04(a)(2) (Vernon Supp. 2007). There is no dispute that the Cameron County Jail meets the definition of "correctional facility." Additionally, there is sufficient evidence to support a finding that appellant was "an employee of a correctional facility." Specifically, the evidence showed:

- Appellant's employer was the Cameron County Sheriff's Department;

- Appellant held the rank of First Lieutenant in the position of jail administrator;

- Appellant oversaw four different jail facilities, including the "women's ward";

6

• Texas Ranger Rolando Castaneda testified that in conducting his investigation he found that "other than the Sheriff and possibly a captain, [appellant] is probably in charge of the jail itself."

• Detention Officer Felipe Silva testified to the hierarchy of the jail system, and stated appellant worked directly under the Chief Jailer, and that several lieutenants work directly under appellant.

Based on this evidence, we conclude that a rational jury could reasonably have found appellant to be an "employee of a correctional facility" within the meaning of Texas Penal Code § 39.04(a). *See id*. § 39.04(a); *Edwards v. State*, 97 S.W.3d 279, 288-89 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). Thus, we find the evidence legally sufficient to support the verdict.

The test for factual sufficiency is whether the evidence is so weak as to undermine confidence in the jury's determination. *Johnson*, 23 S.W.3d at 11. Appellant did not testify at trial, nor did he put on witnesses that disputed his status as an employee of the Cameron County Jail system. Reviewing the record in its entirety, we find the weight of the evidence supports the verdict. *See Edwards*, 97 S.W.3d at 290. We find the evidence to be factually sufficient.

Appellant's fourth issue is overruled.

## V. EXCULPATORY EVIDENCE

By his fifth issue, appellant contends the State violated his due process rights by disclosing only a small segment of "shift activity logs" obtained from the Cameron County women's jail. According to appellant, the State's partial disclosure of the records effectively precluded his ability to fully impeach the testimony of inmates who testified at trial.

Prior to trial, the State provided appellant with various jail records that pertained to the complaining inmates in this case. Among the items provided were shift activity logs that were obtained directly from the women's detention center. The logs, encompassing the year 2002, detailed inmate movement that occurred at the detention center. At the hearing on appellant's motion for new trial, the prosecutor testified that all activity logs referencing either appellant or the victims were copied and given to appellant's trial counsel. Thus, as the record indicates, appellant was provided with activity logs that detailed specific dates that were specifically related to the time period and incidents that made up the complained-of conduct. However, as the State acknowledged, all other activity logs that failed to reference either appellant or the inmates involved in this case were placed in other "investigative files," which were separate and apart from appellant's file. Appellant's trial counsel did not receive the activity logs in their entirety until after trial, when, pursuant to an open records request made by appellant, the Cameron County Sheriff's Department provided him with the activity logs for the entire year.

## A. Applicable law

In *Brady v. Maryland*, the United States Supreme Court concluded that the suppression by the prosecution of evidence favorable to a defendant violated due process if the evidence was material either to guilt or punishment, without regard to the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see Harm v. State*, 183 S.W.3d 403, 405 (Tex. Crim. App. 2006); *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). To establish reversible error under

8

*Brady*, a defendant must show that: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to him; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002); *see Harm*, 183 S.W.3d at 405.

## B. Suppression

The first element of *Brady* is present if the prosecution actively suppresses evidence or negligently fails to disclose it. *Juarez v. State*, 439 S.W.2d 346, 348 (Tex. Crim. App. 1969); *Taylor v. State*, 93 S.W.3d 487, 498-99 (Tex. App.–Texarkana 2002, pet. ref'd); *Smith v. State*, 840 S.W.2d 689, 693 (Tex. App.–Fort Worth 1992, pet. ref'd). Generally, the State satisfies its duty to disclose exculpatory evidence by maintaining an open-file policy. *See Harm*, 183 S.W.3d at 407; *Brewer v. State*, 126 S.W.3d 295, 305 (Tex. App.–Beaumont 2004, pet. ref'd). The State is not required to seek out evidence for the defendant's use. *See Taylor*, 93 S.W.3d at 499. Thus, without suppression, there is no *Brady* violation. *Id.*; *see also Staten v. State*, 919 S.W.2d 493, 498 (Tex. App.–Fort Worth 1996, pet. ref'd) (explaining that no *Brady* violation exists unless it is shown that the defendant was actually denied access to the allegedly favorable material).

It is undisputed that the State maintained an open-file policy with appellant's trial counsel throughout the proceedings below. It is further undisputed that appellant was provided a copy of each activity log that specifically referenced either

appellant or the inmates in this case. The record also shows that appellant was fully aware that activity logs for specific dates were missing. In fact, appellant subpoenaed the Sheriff's department for missing activity logs during trial. *Brady* applies to information that is known to the prosecution but unknown to the defense. *See United States v. Agurs*, 427 U.S. 97, 103 (1976). However, *Brady* does not impose a duty on the State to provide facts known to or discoverable by the defendant. *See Harvard v. State*, 800 S.W.2d 195, 204-05 (Tex. Crim. App. 1989).

Appellant and his trial counsel were well aware that the detention center kept daily logs of its ongoing activities year round. Appellant could have easily requested, as is apparent from his post-trial open-records request, that he be provided the activity logs for each day of the year. There is simply nothing in the record that indicates the State intentionally or negligently withheld the records from appellant. *See Taylor*, 93 S.W.3d at 499; *Staten*, 919 S.W.2d at 498.

Appellant's fifth issue is overruled.

## VI. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 24th day of April, 2008.