

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00110-CR
_____

JAMES DWIGHT SHADWICK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR23-008

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

James Dwight Shadwick pled guilty to criminally negligent homicide. *See* TEX. PENAL CODE ANN. § 19.05. The plea was described in the record as an "open plea" arrangement in which the State would argue for a sentence of no more than eighteen months in state jail, while Shadwick remained free to ask for community supervision.[1] After a bench trial on punishment, the trial court sentenced Shadwick to eighteen months' confinement. On appeal, Shadwick claims his trial counsel was ineffective because (1) counsel failed to investigate and present information regarding Shadwick's medical, veterans, and mental-health issues and (2) counsel failed to object to the State's arguments regarding facts not contained in the record and the reason(s) why the State was arguing for a sentence of eighteen months. Because Shadwick cannot establish the *Strickland*[2] elements of deficient performance and resulting harm to Shadwick, we affirm.

## I.      Background

Shadwick was indicted for criminally negligent homicide after a vehicle he was driving on October 22, 2021, entered the lane of oncoming traffic and collided with an oncoming vehicle, resulting in the death of that vehicle's passenger. At the time of the collision, Shadwick did not have a valid driver's license. At the scene, Shadwick denied being the driver.

---

[1]The trial court initially certified this as a plea-bargain case in which Shadwick was given permission to appeal. Then the trial court certified that this was not a plea-bargain case and that Shadwick had the right to appeal his sentence. The State does not question the active certification, nor do we. *See Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) ("[W]hile a court of appeals may *sua sponte* compare the certification to the record to determine accuracy, it is not obligated to do so without a suggestion by the State that the two are inconsistent.").

[2]*See Strickland. v. Washington*, 466 U.S. 668 (1984).

Shadwick's stepson, a passenger in the vehicle, claimed to be the driver. Through the highway patrol's continued investigation, it was later discovered that Shadwick was, in fact, the driver of the vehicle that left its lane. More than eight months after the collision, the State brought charges against Shadwick.

After finding Shadwick indigent, the trial court appointed trial counsel for him. Shadwick waived his right to a jury trial and signed an agreement under which he would plead guilty and retain the ability to ask for probation while the State would argue for a sentence of no more than eighteen months in a state jail facility.

At a hearing before the trial court, Shadwick executed plea documents, pled guilty to the offense, and requested community supervision. The trial court sentenced Shadwick to eighteen months' confinement. Shadwick moved for a new trial and filed a notice of appeal, and appellate counsel was appointed for him. The trial court held a hearing on the motion for new trial, with the newly appointed appellate counsel representing Shadwick, and later denied the motion. Shadwick appealed.

## II. Ineffective Assistance of Counsel

In two points of error, Shadwick argues that his counsel rendered ineffective assistance of counsel.

### A. Standard of Review and Applicable Law

We review the adequacy of counsel's representation using *Strickland*'s two-step test. *Tanner v. State*, No. PD-0302-24, 2024 WL 4898125, at *3 (Tex. Crim. App. Nov. 27, 2024); *see Auld v. State*, 652 S.W.3d 95, 112 (Tex. App.—Texarkana 2022, no pet.). "In order to

3

reverse a conviction for ineffective assistance of counsel, we must find that a[] defendant has shown: (1) counsel's performance was deficient and (2) the defendant suffered prejudice." *Tanner*, 2024 WL 4898125, at *3 (citing *Strickland*, 466 U.S. at 694).

To establish counsel's deficiency, a defendant claiming ineffective assistance of counsel "must prove that his counsel's actions fell 'below the professional norm of reasonableness.'" *Id.* (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 264 n.18 (Tex. Crim. App. 1998)). We consider "the totality of the representation and the particular circumstances of each case in evaluating effectiveness of counsel." *Id.* "There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional experience." *Id.* (citing *Strickland*, 466 U.S. at 689).

The second *Strickland* prong, sometimes referred to as "the prejudice prong," "may be measured in one of two ways: a reasonable probability of a different outcome or a reasonable probability of a different decision by the defendant." *Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022). The manner in which prejudice must be shown "depends on the possible result of the deficient performance." *Id.* Here, Shadwick waived his right to a jury trial, and his issues on appeal urge only that the ineffective assistance of counsel affected the length of his sentence. In this instance, then, the alleged deficient performance pertains to punishment, and a showing of prejudice "depend[s] on a reasonable probability that the sentencer would have assessed a more lenient punishment absent the errors." *Id.*

4

"An appellant bears the burden of proving ineffectiveness by a preponderance of the evidence." *Tanner*, 2024 WL 4898125, at *4. "Failure to make the required showing on either prong of the *Strickland* analysis defeats the ineffectiveness claim." *Id.* "This is why ineffective-assistance claims are 'generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.'" *Id.* (quoting *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)). The record may be developed through a motion for new trial; even still, on direct appeal, the record is "usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Lopez*, 343 S.W.3d at 143).

## B.   Analysis

Both of Shadwick's issues on appeal urge ineffective assistance of counsel. His first issue centers on counsel's failure to present evidence that may have mitigated his sentence, and his second issue alleges failure to object to the State's comments regarding plea negotiations and thereby preserve reversible error that would have affected his substantial rights. We address Shadwick's issues in turn.

### 1.   Failure to Investigate and Present Mitigating Evidence

Shadwick's first issue alleges his trial counsel's performance in the sentencing trial was deficient and it prejudiced Shadwick because trial counsel conducted virtually no investigation into Shadwick's medical, veterans, and mental-health issues, presented no such evidence by exhibits or testimony, and presented insufficient mitigating character evidence of Shadwick.

"Failure to conduct an adequate investigation may constitute ineffective assistance of counsel." *Powell v. State*, No. 06-23-00011-CR, 2024 WL 2197230, at *7 (Tex. App.—Texarkana 2024, no pet.) (mem. op., not designated for publication) (citing *Wiggins v. Smith*, 539 U.S. 510, 521–23 (2003)). "A claim for ineffective assistance of counsel based on trial counsel's failure to investigate generally fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case." *Id.* (quoting *Guillory v. State*, 652 S.W.3d 499, 505 (Tex. App.—Houston [14th Dist.] 2022, order on reh'g) (per curiam)).

In support of his failure-to-investigate point, Shadwick cites one case in which trial counsel never obtained any of the defendant's school, medical, or military service records or interviewed any members of the defendant's family. *See Porter v. McCollum*, 558 U.S. 30, 39 (2009) (per curiam). Shadwick cites a second case in which trial counsel's investigation failed to reveal the defendant's mental-health issues, including Post-Traumatic Stress Disorder (PTSD) and a diagnosis of affective psychosis. *See Andrus v. Texas*, 590 U.S. 806, 814, 815 (2020) (per curiam). Based on *Porter* and *Andrus*, Shadwick asserts trial counsel was deficient for failing to investigate and present mental-health and military records; failing to present witnesses such as his primary care practitioner, his counselor, a psychologist, other veterans, or peers from Shadwick's volunteer organization; and failing to elicit mitigating information from character witnesses.

The record before us indicates that Shadwick stated in his plea that he had PTSD and anxiety. The presentence investigation (PSI) report states Shadwick served in the Army and was

6

honorably discharged.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (Supp.).  The report also states Shadwick had a seizure disorder and PTSD and was on medications.  At the sentencing hearing, Shadwick's wife testified that he had an eighty percent disability rating based on his PTSD and that he spent his time volunteering in assistance to other military veterans.  Shadwick's wife further testified that he had PTSD, severe anxiety, depression, seizures, sleep apnea, and insomnia.

We find *Porter* and *Andrus* to be factually distinguishable from the record before us.  Unlike in *Porter*, here, the trial court had before it evidence of Shadwick's military service, through both his wife's testimony and the PSI report.  And, unlike the trial court in *Andrus*, the trial court here was aware of Shadwick's mental-health issues.  Those cases do not support the proposition that Shadwick's trial counsel's performance was deficient.  Neither those cases nor the circumstances present in the record before us establish by a preponderance of the evidence that Shadwick's trial counsel's performance was deficient due to a failure to investigate.  *See Tanner*, 2024 WL 4898125, at *3.

Further, Shadwick has not demonstrated what an investigation would have revealed that reasonably could have changed his sentence.  *See Swinney*, 663 S.W.3d at 90.  Though Shadwick urges that the trial court was unaware that he was a combat veteran who earned a campaign medal, he merely speculates that investigation of merit that led to the award of the medal may have led to additional mitigating character evidence.

Based on this record, Shadwick has failed to establish either prong of the *Strickland* analysis.  We overrule his first issue.

7

## 2.  Failure to Object to State's Arguments

In his second issue, Shadwick alleges his trial counsel provided ineffective assistance of counsel for failing to object to the State's comments regarding plea negotiations and failing to preserve reversible error that would have affected his substantial rights.

Shadwick contends that his trial counsel allowed the State to breach the agreement by explaining the agreement.  The State told the trial court that it would not argue for the maximum of two years' imprisonment because Shadwick ultimately pled guilty.  The State pointed out that Shadwick did not volunteer that he was the driver; the State discovered that.  That discovery, said the State, informed its decision to ask for eighteen months.  Shadwick complains that none of the plea negotiation discussions or information was contained in the record; yet, trial counsel did not object to the argument.

Shadwick's second issue amounts to a claim that the State's argument was improper and that his trial counsel was deficient for failing to object to it.  Shadwick has not established either *Strickland* prong through his argument on this point.

On the deficient-performance prong, Shadwick argues that his trial counsel failed to object to the State's argument regarding plea negotiations under Rule 410 of the Texas Rules of Evidence and Shadwick's stepson's initial claim that he was driving the vehicle.  Rule 410, by its own terms, does not apply when a defendant pleads guilty and there is no subsequent effort to withdraw the plea.  TEX. R. EVID. 410(b); *Rundles v. State*, 486 S.W.3d 730, 741 (Tex. App.— Texarkana 2016, pet. ref'd).  An objection on that basis would have been ill-founded.  Further, evidence of Shadwick's stepson's initial claim that he was the driver, and Shadwick's initial

8

claim that he was the passenger, along with details of the subsequent investigation that led to Shadwick's arrest, were all included in the highway patrol's PSI report that was part of the evidence at the sentencing hearing. Again, on this point, any objection that the State's argument regarding those facts was not before the trial court would have been ill-founded. Trial counsel's failure to object to either of those arguments by the State did not amount to deficient performance.

Regarding prejudice, "it has been uniformly held that when the trial is before the court it will be presumed that [the court] did not consider improper argument." *Juarez v. State*, 439 S.W.2d 346, 347 (Tex. Crim. App. 1969). If the State's arguments were improper, the record does not reveal that they were considered by the trial court. The trial court offered in the courtroom brief, heartfelt words of condolence regarding this tragic situation. Then, without further comment, the trial court pronounced sentence. Absent a showing that the trial court considered improper argument, Shadwick cannot show that an objection from his trial counsel would have resulted in "a reasonable probability of a different outcome." *Swinney*, 663 S.W.3d at 90. Shadwick has, therefore, failed to demonstrate harm under *Strickland*'s second step.

We overrule Shadwick's second issue.

## III. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:    January 29, 2025
Date Decided:    February 26, 2025

Do Not Publish